*276 MEMORANDUM BX THE COURT.
All of the coal here involved was contracted for or ordered on the basis of mine delivery, except that bought under the contract with the Gulf States Coal Co., and the fact that inspection was provided for at point of delivery or some duty in relation thereto imposed upon the contractor does not require another conclusion. The Gulf States Coal Co. contract is to be construed as for delivery at destination with obligation to the contractor on the part of the United States to pay the freight.
The fact that in rendering all its bills the plaintiff made land-grant deductions and claimed only the net land-grant rate, arrived at by deducting land grant from commercial rates, and accepted payment on that basis without protest precludes the right to assert a further claim for the same service in the absence of a showing of fraud or mistake of fact, as to which the record is silent. The mere use of Government bills of lading can not avail plaintiff. B. & O. case, 62 C. Cls. 468; Oregon-Wash, case, 54 C. Cls. 181; affirmed 255 U. S. 339.
Upon the facts all shipments except those made under the Gulf States Coal Co. contract were subject to land-grant deduction. As to shipments under that contract, aside from the effect” of the presentment and settlement of bills on a land-grant basis, as stated above, if these shipments were not subject to land-grant deductions because not Government property, there is, as between the plaintiff and the United States, no liability on the latter to pay any freight at all.
On all of these shipments the road haul revenue at commercial rates was $1 per ton or more, the condition under which the shipper was entitled to switching and hoisting without charge. The fact that proper land-grant deductions reduced the actual cash receipts for said shipments to less than $1 per ton can not deprive the United States of the same right to switching and hoisting without charge as would accrue under the tariff to a private shipper paying *277 full commercial rates. The amounts by which the cash receipts, by reason of land-grant deductions, were reduced below $1 per ton had been theretofore paid by grants of lands and the “ revenue ” to the plaintiff was the aggregate of the cash paid and the determined value, in relation to said shipments, of the land grant. Government rates over land-aided roads are always predicated on commercial rates, from which deductions follow by operation of law in return for benefits conferred, the conditions imposed by the land-grant acts and the acceptance of the grants thereunder partaking of the nature of a contract, and land-aided roads, having accepted the benefits conferred, may not by constructing or construction of tariffs deprive the United States of the benefits stipulated for as the consideration of the gratuity.
The application of the $1 per ton basic rate on shipments made on bills of lading 24451 and 24452, under the Gulf Coal Co. contract, was, so far as appears of record, correct.
The petition is dismissed.